The following case was stated for the opinion of the court. William Englefried, having three children in Germany by one venter, and two other children in Pennsylvania by another venter, died, having first made his last will dated December 3, 1781, (and proved the 38th December 1781,) whereby he empowered his executors to sell his real and personal estate, and, after payment of debts and funeral expenses, he devises one-sixth part of the residue to his five children, and one-sixth part to his late wife’s sister, Christiana Knees. To each of the legacies to his children in Germany he super-added the words ‘ ‘ and in case of his (or her) death, to his (or her) children or grand children.” And in the close of the will comes this clause: — “Provided always that my said three “children, Carl, Philip, and Barbara, whom I left in Ger“many, or the children or grand children of any or either of “them who is now dead, or the guardians of such children “or grand children, shall within the space of six years from “the day of my decease, transmit to my executors authenti *41 “cated proofs of their being alive, and that without such “proofs no part of the residue of my estate shall be paid or ‘ ‘ remitted to them my said. children or grand children in ‘ ‘ Germany, and after the expiration of the said term or space “of six years no proof shall be admitted, but the said residue “shall be equally divided among such of my children and “grand children as can make such proof, and shall have 1 ‘ made it within the aforesaid space of time. ’ ’ It was mutually agreed that the plaintiff was the daughter of the testator, then living in Germany, and that the proofs required by the will of the testator were made out in Germany, and put into the hands of Ernst Bashe, for the purpose of being transmitted to the executors, the defendants, in the month of March 1787, who was prevented by inevitable accident from reaching Philadelphia, and delivering the same to the executors until the 4th day of August 178&, when the same were delivered, which was more than six years after the death of the testator and the probate of the will. If the court should be of opinion on these facts that the plaintiff ought to recover, then judgment to be given according to the verdict of the jury: otherwise to be entered for the defendant as in the case of a nonsuit.
*421 *The case was argued at thé last April term by -* . Messrs. Ingersol and Swift for the plaintiff, and Mr. Bradford for the defendant.
On the part of the plaintiff four points were made: 1st, That the proofs required by the will were not a condition precedent. 2d, That the condition had been in substance complied with. 3d, If the condition had not been exactly complied with, it was the effect of inevitable accident, which would be relieved against. 4th, The condition was never-intended to disinherit the testator’s children in Germany, but only to quicken their application for their distributive shares, that the estate might be settled within six years after his death.
As to the first point, it was contended, mat the construction of the will was to be governed b}' the testator’s intention. Cro. El. 219. It is apparent from the whole of the will, that the testator meant an equal division of his property among all his children. He endeavours to guard against the lapse of the legacies to his children in Germany, by limiting them to be paid, in case of their death, to their children or grand children respectively. There are no particular technical words in a will to determine what is a condition precedent or subsequent, but the intention of the testator is to control. Talb. Cas. 164, 166. The civil law makes no distinction, in personal legacies, between conditions precedent and subsequent, nor does the Court of Chancery in cases of money devised on marriage with consent, where there is no devise *42 over. 2 Equ. Cas. Abr. 215, in notis, 3 Atky. 32. In this instance the executors were interested in suppressing the intelligence of the conditions in the will to the legatees in Germanjq though by their office they were bound to give notice thereof. \_Sed vide contra. Fry v. Porter, 1 Vent. 201, 204; Raym. 236; 1 Mod. 86, 300; 2 Keb. 756, 787.]
To the second point, was cited 2 Equ. Cas. Abr. 213, pi. 4. When a condition has been performed in substance, equity will supply small defects.
As to the third point, it was urged, that in' cases of great unforeseen events, which common prudence or discretion would not generally guard against,, the law will, in a variety of instances, grant relief; as in Pollard v. Shaffer, Dali. 215. Where injury had been done by a public enemy to a sugar house, &c. leased for years, the tenant will be excused from a general covenant to deliver up the premises in good repair, because such an event was not within the contemplation of either party. So the law implies an exception in favour of a common carrier, where goods are lost by inevitable accident. A condition precedent *being only in nature of a penalty, the intent of a trust shall be regarded, though the con- L dition was not performed within the time limited. 1 Equ. Cas. Abr. 107, pi. 1. A forfeiture shall not bind where a thing may be done after, or a compensation made for it, as where the condition is to pay money, &c. 1 Equ. Cas. Abr. 108, pi. 3. One having three daughters, devises lands to his eldest, upon condition that she within six months after his death, pay certain sums to her two other sisters, and if she failed, he then devises the land over to his second daughter on the same condition; equity may enlarge the time for payment, though the premises are devised over, (because it lies in compensation, though a condition precedent,) 1 Equ. Cas. Abr. 109, pi. 5. Devise to a kinsman, paying ioool. apiece to his two daughters; (his heirs at law) devisee makes default, the premises are recovered in ejectment by the two daughters, yet the devisee was relieved on payment of principal, interest, and costs, though to the disinherison of the heirs, and in favour, of a voluntary devisee. 1 Equ. Cas. Abr. 109, pi. 8. Being beyond sea will excuse against out-lawries. Cro. Jac. 226. One shall not lose his estate without notice of a proviso contained in a deed or will, that he should not disturb the executor. 8 Co. 92/ 100. 4 Co. 79. ” Forfeitures are odious in law: whoever will take advantage of them, must give notice to him who is to forfeit. 3 Term Rep. 172. If a condition be to do a thing upon performance of an act by the feoffer or obligee, which is secret, and lies only in his breast, the performance of the condition is excused, till feoffee or obligee gives notice that he has performed the first act. 2 Corny. Dig. 461, L,. 8. 462.
The fourth point was said to be obvious on the face of the *43 will. Chancery makes no distinction between conditions precedent and subsequent in such a case. 2 Vern. 222. By construing the condition to be subsequent, the manifest intent of the testator is effectuated, but is destroyed by calling it a precedent condition. The devise to the plaintiff is a vested interest, which the testator intended should take effect if she was alive, or in case of her death, should go- to her children or grand children. The will directs that the legatees in Germany should transmit to the executors proofs of their being alive within six years. Such proof was actually transmitted by the plaintiff, but a public enemy prevented the receipt of the authenticated papers. Upon a rigid literal construction of the will, it may be said, that in case of the proofs not being sent in to the executors within six years, the share of such legatee not sending in such proof is to go over to *441 the legatees iu Germany, who shall have strictly *com- -* plied with the will. But supposing that none of the children in Germany, owing to great public causes, had transmitted their proofs within the six years, and after that period had elapsed, the executors had received their proofs, who could have taken advantage of the forfeiture? Not the children by the second venter, because that construction would mitigate against the express words of the will. In such case, therefore, the time of proof must necessarily be dispensed with, or the intention of the testator would be clearly violated. It may be urged, that equity may enlarge the term in a condition, where compensation may be made by payment of money, but not otherwise: but to this it may be answered, that where no injury or loss-has accrued, there can be no idea of compensation. What compensation can possibly be looked for in the present instance, where the laches is not imputable to the plaintiff?
It was argued on the part of the defendants, 1st, .That the proofs were a condition precedent to the taking of the legacy. 2d, On failure of such proofs, there was a devise over. 3d, The condition does not lie in compensation after forfeiture.
That the condition was precedent, and that there was a devise over on non-performance thereof, it was said, was evident from the words of the will. No part of the legacies was to be paid or remitted to the children in Germany without such proof, and after the space of six years no such proof was to be admitted, but the residue was to be equally divided, &c. It is the right and liberty of the subject who makes a voluntary disposition of his own prbperty, to dispose of it in what manner and upon what terms and conditions he pleases. This will be universally allowed. It is also a fixed and settled maxim of law, that if an estate is limited to commence on a condition precedent, nothing can vest or take effect till the condition is performed, and this is so strong and settled a point, that it holds though the previous act was at first impos *44 sible, or after becomes impossible by the act of God, or other accident, the estate can never vest. 2 Equ. Cas. Abr. 2x6, pi. 12 in noiis. Co. Lit. 206, 2x9.
The executors were not bound to give notice. The limita- ■ tion in the will requires that the children in Germany should come forward within the stipulated period with their proofs. Where no one is bound to give notice, no notice need be given. When the six years were elapsed, it became the duty of the executors to settle and divide the estate.
In all cases that lie in compensation, equity may dispense with the time. 5 Vin. Abr. 93, pi. 9.
* If an estate is to vest on the intermarriage of A and , r B, and the conditon becomes impossible by the act of C God, as in case A had died within the three years limited for the marriage, or soon after the death of the testator, Holt, C. J. thought the estate would never arise, and that there would be no relief in that case. 5 Vin. 93, pi. 10. 2 Vern. 340. Where a condition is precedent to the vesting of an estate, chancery cannot relieve in the case of non-performance: otherwise in case of a forfeiture for which a valuation can be made and compensation given. 5 Vin. 93, pi. 11. 1 Salk. 231, pi. 10. _
_ A seized in fee having three daughters, devised to trustees to convey to the eldest if she shall pay 6000I. to her two sisters in six months; and if she shall not, then he gives the like pre-emption for the same time to the second; and if she shall not, then to the third. The money must be paid punctually at the time, and equity will not enlarge it. 5 Vin. 93, pi. 12. Equity will not relieve against the breach of a condition precedent, where the damages accrued are contingent and cannot be estimated. 5 Vin. 93, pi. 15.
The chief justice delivered this term the opinion of the court, after stating the will and case.
The question is, what is the meaning of the will, for on the intention of the testator the construction of the will must depend. 1 Wms. 666. 2 Wms. 673.
The testator had five children and a relation of his late wife’s, dependent on his bounty. He gives to each one-sixth part of the residue of his estate, with a proviso that his three children in Germany, their children or grand children, shall transmit proofs to his executors within six years after his death, of their being alive. It is admitted, that the proof was made by the plaintiff within the period limited by the will, but inevitable accident, arising from the public measures in Europe, prevented their being sent forward. Each child was equally the object of the testator’s bounty. The clause in the will must have been inserted to quicken the application for the money, by such of his children who lived in Germany. It cannot be conceived that under all possible *45 events, the testator meant to deprive them of their portion of his property if the proofs did not come over in time, when they were prevented from sending them forward by inevitable accident! It is immaterial whether the condition be construed precedent, or subsequent. We must regard the evident intention of the testator, and to effectuate this intention we will construe the copulative “and,” in the latter part of the proviso as the disjunctive “or,” which will fully entitle *. p-, the plaintiff to recover. The word “ or, ” *in a will, -I has been rejected, and the word “and” construed “ or, ” and the word “ or ” construed ‘1 and, ’ ’ to comply with the intent of the testator.
2 Stra. 1175. Pollex. 645. 2 Vern. 388. 1 Wils. 140. 3 Atky. 390. So the word “and ” has been construed “or,” in a lease, x Leon. 74. And the word “ or ” has been construed “and,” in an act of parliament, x Vent. 62.
Judgment pro quer. ber tot. cur. .